IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HUMBERTO LAGAR,

                                     ORDER

              Plaintiff,

v.                                     10-cv-836-wmc

RICK RAEMISCH, ALFONSO J. GRAHAM,
DANIELLE LaCOST, STEVEN LANDREMAN and
RANDALL R. HEPP,

             Defendants.

---

      Plaintiff Humberto Lagar, a prisoner at the Jackson Correctional Institution in Black River Falls, Wisconsin, has submitted a proposed complaint. He has not paid the $350 filing fee or submitted a certified copy of his six-month trust fund account statement. However, in a letter accompanying the complaint, plaintiff asks the court to order the institution business office to deduct $266 from his release account and advises that his family will send the remaining $84, thus paying the $350 filing fee in full. Unfortunately, the court cannot order plaintiff's release account funds to be used in this manner.

      The language in 28 U.S.C. § 1915(b)(1) suggests that prison officials are required to use a prisoner's release account to satisfy an *initial partial payment* if no other funds are available. *Carter v. Bennett*, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005). However, with the exception of initial partial payments, this court does not have the authority to tell state officials whether and to what extent a prisoner should be able to withdraw money from his release account. Because plaintiff cannot use his release account funds as he requests, I will instead construe plaintiff's complaint to include a request to proceed *in forma pauperis*. A decision on the request will be delayed until plaintiff submits a trust fund account statement

from which I can calculate the initial partial payment of the $350 filing fee required by 28 U.S.C. § 1915(b) and the 1996 Prison Litigation Reform Act.

Plaintiff's complaint was submitted on December 27, 2010. His trust fund account statement should cover the six-month period beginning approximately June 25, 2010 and ending approximately December 27, 2010. Once plaintiff has submitted the necessary statement, I will calculate his initial partial payment and advise him of the amount he will have to pay before the court can screen the merits of his complaint under 28 U.S.C. § 1915(e)(2).

ORDER

IT IS ORDERED that plaintiff may have until January 19, 2011, in which to submit a certified copy of his trust fund account statement for the period beginning approximately June 25, 2010 and ending approximately December 27, 2010. If, by January 19, 2011, plaintiff fails to respond to this order, I will assume that he wishes to withdraw this action voluntarily. In that event, the clerk of court is directed to close this case without prejudice to plaintiff's filing his case at a later date.

Entered this 30th day of December, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge